Robinson Lumber Co. *v.* R. W. Hinton Co.

[73 South. 886, Division A.]

Attachment. *Property subject. Ownership.*

> Where the owner of timber land hired a laborer to cut the trees thereon and make them into ties for so much a tie and to haul and load them on the cars for the owner, such laborer was not at any time the owner of the ties and they were not subject to attachment by his creditors.

Appeal from the circuit court of Lamar county.
Hon. A. E. Weathersby, Judge.

Suit by R. W. Robinson Lumber Company against R. W. Hinton Company. From a judgment for defendant, plaintiff appeals.

The facts are fully stated in the opinion of the court.

*W. A. Shipman,* for appellant.

*Salter & Hathorn,* for appellee.

HOLDEN, J., delivered the opinion of the court.

It appears from the undisputed testimony of appellant Robinson that he owned certain timber land upon which there were trees suitable for making railroad ties. Robinson entered into an oral contract with Sumrall, in which it was agreed that Sumrall would cut the timber belonging to Robinson and make ties out of it, and haul and load them upon the cars for Robinson; and that Sumrall was to receive for "manufacturing the ties," thirty-two cents for small ties, and thirty-seven cents for large ones, as compensation for the work of cutting, hauling, and loading them. It was understood between the parties that the ties were to be hauled to the railroad and there counted and inspected by Robinson before paying Sumrall in full for cutting and delivering them. Appellee, R. W. Hinton Company, attached the ties while they were lying at the railroad, where they had been delivered for Robinson. Appellee claimed a debt of about one hundred and eighty-five dollars against Sumrall, and contends that, because he cut them, the ties are the property of Sumrall, and subject to attachment for the debt due appellee by Sumrall. The appellant was not garnished.

According to the undisputed proof in this record, the ownership of the ties was in Robinson, and could not be defeated by the attaching creditor. Sumrall at no time owned the trees or the ties, and had no interest in the ties further than the amount due him, if anything, for the services for cutting and delivering them under the contract. The counting and inspection of the ties at the railroad was made necessary only for the purpose of ascertaining the exact amount due Sumrall for his services. Appellant paid Sumrall a large part of the amount due. Robinson, under the contract, owned the trees, and also owned the ties made out of his trees, and simply hired Sumrall to do the cutting at so much per tie. It is a case very much like contracting with a man to cut and haul the wood off your own land, agreeing that for his ser-

113 Miss.—10

vices you will pay him three dollars and fifty cents per cord for oak, and three dollars and twenty-five cents per. cord for pine wood, delivered, stacked, and inspected in your back yard. The wood would be owned by you before and after it was cut. The chopper could not, merely because he had been hired to cut and haul it for you at a fixed price per cord as compensation for his services, be deemed the owner of the wood at any time. The lower court erred in refusing the peremptory instruction asked for appellant.

The judgment of the lower court is reversed and judgment entered here for the appellant.

*Reversed.*